Date signed August 22, 2007



                                         PAUL MANNES
                                   U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| PARSONS 4E, LLC | : | Case No. 07-10598PM |
| | : | Chapter 11 |
|           Debtor | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |
| AMAZON VENTURE CAPITAL, LLC | : | |
|           Plaintiff | : | |
|     vs. | : | (Case No. 258278-V, Circuit Court |
| TERRY EBELS | : |  for Montgomery County, Maryland) |
| THOMAS G. POLANSKY | : | |
| FRANK ZARRELLI | : | |
| JEFFREY W. McGOWAN | : | |
|           Defendants | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | Adversary No. 07-0547PM |
| AMAZON VENTURE CAPITAL, LLC | : | |
|        Plaintiff/Counter-Defendant | : | |
|     vs. | : | (Case No. 258279-V, Circuit Court |
| PARSONS 4E, LLC | : |  for Montgomery County, Maryland) |
| DEEP WOOD MINING, LLC | : | |
|          Defendants/Counter-Claimants: | | |
|     vs. | : | |
| RICHARD M. GJERULFF, JR. | : | |
| CONGRESSIONAL FUNDING USA, LLC | : | |
|         Counter-Defendants | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

### MEMORANDUM OF DECISION

      Before the court is the Motion filed on behalf of the Plaintiff and Counter-Defendant, Amazon Venture Capital, LLC ("Amazon"), and Counter-Defendants Congressional Funding

USA, LLC, and Richard M. Gjerulff, Jr., to remand this adversary proceeding to the Circuit Court for Montgomery County, Maryland, or, in the alternative, for this court to abstain from the exercise of jurisdiction over this case. The matter came before the court for hearing on August 14, 2007. The two removed cases, filed as *Amazon Venture Capital, LLC v. Parsons 4E, LLC, and Deep Wood Mining, LLC*, Case No. 258279-V, and as *Amazon Venture Capital, LLC, v. Terry Ebels, Thomas G. Polansky, Fran Zarrelli, and Jeffrey W. McGowan*, Case No. 258278-V, were actions wherein Amazon sought judgment by confession in the case against Parsons 4E LLC ("Parsons" or "Debtor") and Deep Wood Mining, LLC as makers of the note and a judgment against the four individual guarantors Ebels, Polansky, Zarrelli and McGowan ("Guarantors") of the confessed judgment notes. On March 23, 2005, the Circuit Court granted the motion of the makers to vacate the Confessed Judgment. By an Order entered July 14, 2006, the Circuit Court granted the parties' joint motion to consolidate the two complaints.

All Defendants filed counterclaims, together with demand for trial by jury. The counterclaims sought $6.8 million based on various theories on account of events taking place in the month of June, 2004. By notice sent out by the assignment clerk on January 12, 2007, the matter was scheduled for a five-day trial in the Circuit Court on June 18, 2007. The trial was halted by the Circuit Court by Parsons' filing of a document entitled Notice of Removal pursuant to 28 U.S.C. § 1452(a) and 28 U.S.C. § 1334(e). While the Notice of Removal filed with the Circuit Court was procedurally defective in that such notice must be filed with the Clerk for the division of the district court within which is located the state or federal court where the civil action is pending, Bankruptcy Rule 9027(a), the Defendants accomplished their goal of delaying the trial. Subsequently, an appropriate Notice for Removal was filed with this court. The Notice of Removal stated that the complaints were core proceedings under 28 U.S.C. § 157(b)(2)(B) and that the notice was timely. This statement was only partially correct. The only core portion of the case relates to the allowance of the claim against the Debtor embodied in the proof of claim filed April 20, 2007, in the sum of $593,845.20. The action filed by Amazon against the Guarantors and their counterclaim are without doubt not core proceedings. This court lacks jurisdiction over these claims. The counterclaim filed by the Debtor seeking $6.8 million damages arose before the filing of this bankruptcy case and is likewise not a core proceeding.

State law claims relied upon by the Debtor and the Guarantors arising prior to the filing of the petition are non-core matters. *In re Apex Express Corp.*, 190 F.3d 624, 631-32 (CA4 1999). As noted by Judge Derby in the case of *Porter-Hayden Co. v. First State Mgmt. Group, Inc.*, 304 B.R. 725, 730-731 (BC Md. 2004), such claims fall squarely under the dictates of *N. Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50 (1982), in that Congress may not force non-consenting claimants whose claims are based on state-created private rights into non-Article III courts. The timeliness aspect of removal is controlled by Bankruptcy Rule 9027(a)(2) that allows removal 90 days after the Order for Relief, which in this case was January 19, 2007, or 30 days after entry of an Order terminating a stay, if the cause of action in a civil action has been stayed under § 362(a) of the Bankruptcy Code. Here, the state court action was stayed only as to the Debtor, not as to any other of the Defendants. As explained in *Collier on Bankruptcy* § 9027.05[1], 15th ed. 2007, there is no reason to impose a time limit for removal with respect to the debtor, because § 362(a) of the Bankruptcy Code stays the action as to debtors. Here, Amazon was proceeding to trial in state court only as to the Guarantors and the other corporate Defendant, who did not have the benefit of the automatic stay of the bankruptcy case.

Throughout their papers, the Defendants and Counter-Plaintiffs and the Guarantors rely upon the case of *A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994 (CA4 1986), for the proposition that this action cannot go forward as to them. In *Robins*, the Fourth Circuit approved a procedure where the District Court granted an injunction to stay proceedings against non-bankrupt Defendants, inasmuch as the stay of § 362(a) of the Bankruptcy Code applied only to actions against the debtor. It has long been the law in this circuit and elsewhere that the automatic stay does not apply to non-bankrupt co-debtors. *Winters By and Through McMahon v. George Mason Bank*, 94 F.3d 130, 133-34 (CA4 1996), *citing*, *Williford v. Armstrong World Indus.*, 715 F.2d 124, 126 (CA4 1983); *Credit Alliance Corp. v. Williams*, 851 F.2d 119, 121 (CA4 1988); *Lynch v. Johns-Manville Sales Corp.*, 710 F.2d 1194, 1196-1197 (CA6 1983)("It is universally acknowledged that an automatic stay of proceeding accorded by § 362 of the Bankruptcy Code may not be invoked by entities such as sureties, guarantors, co-obligors, or others with a similar legal or factual nexus to the Chapter 11 debtor."); *Austin v. Unarco Industries, Inc.*, 705 F.2d 1, 4-5 (CA1 1983); *Nat'l City Bank of Minneapolis v. Lapides*, 296 B.R. 343, 360 (BC Md. 2003). No *Robins*-type action for an injunction was filed here. It is unlikely that such an injunction would be granted in the circumstances presented. This Debtor's financial reports all indicate the

absence of any income or activity whatsoever during the pendency of the case. Its assets consist of advanced royalties and Kentucky state bonds aggregating $348,000.00, personal property valued at $3,000.00, and this claim against Amazon that it values on Schedule B at $500,000.00. Clearly, the real parties in interest here are the Guarantors and not this corporation, the principal asset of which, its claim against Amazon, it appears to be doing everything possible to avoid prosecuting. The court finds nothing in the operating agreements or the certificate of corporation that provides for indemnification of these individuals other than when acting as directors or as officers of the corporation. The protection given to officers and directors does not extend to their capacity as the Guarantors. Their guarantees of the obligation were in their individual capacity and not as corporate officials.

       The Defendants urge that allowing the state court action to proceed against the non-debtor parties may expose the Debtor to inconsistent judgments. This problem is easily solved by modifying the stay to allow the action to proceed against the Debtor in state court, limiting the relief there to liquidating any claim by or against the Debtor, but not lifting the stay to pursue collection against such assets as the Debtor may possess.

       Under 28 U.S.C. § 1334(b), the District Court, and this court by reference by the United States District Court for the District of Maryland under Local District Rule 402, has original but not exclusive jurisdiction of all civil proceedings arising in or related to cases under Chapter 11. It is true that this court possesses non-exclusive jurisdiction over the non-debtor parties in that this claim is related to the claim against the Debtor and therefore to this case. But the close "nexus" required for related to jurisdiction described in the case of *Valley Historic Ltd. P'ship v. The Bank of New York*, 486 F.3d 831, 836-37 (CA4 2007), is not found here. There is no plan of reorganization presented where the stay of this action is justified as to the non-debtors. The right to indemnification under paragraph 5.5 of the Operating Agreement of the Debtor is distantly related to this bankruptcy case, but the court finds that prosecuting that action against the other Defendants would have a *de minimis* impact upon this Chapter 11 debtor. After considering the relevant factors, the court will enter an order abstaining from hearing this removed action and remand it to the Circuit Court for Montgomery County, Maryland, pursuant to 28 U.S.C. § 1452(b). To avoid any possibility of inconsistent judgments, the court will modify the stay of § 362(a) of the Bankruptcy Code so as to enable the Circuit Court to enter final judgment as to the Debtor.

In reaching this decision, the court has considered the following factors. First, the removal of this case from the Circuit Court as to the non-debtor Defendants was, beyond any shadow of a doubt, done in an effort made on behalf of those Defendants to forestall the day of decision. If these parties had any faith whatsoever as to the merits of their positions, and especially with regard to the counterclaim that seeks more than ten times the amount of the original complaint filed by Amazon, they would have proceeded with the case. Next, this is a non-core action, and the court does not have the consent of the parties to enter a final order. This court's proposed findings of fact and conclusions of law must be reviewed by the District Court. In addition, neither party has filed a statement of consent to have the jury trial conducted by this court pursuant to Local District Court Rule 406.4. All issues presented for resolution in these complaints are matters of state law. There is no bankruptcy jurisprudence involved. Next, the effect upon this bankruptcy estate will be minimal. To the extent that the Circuit Court decision is one in favor of Amazon, what that will leave is an estate with personal property of $352,000.00, subject to the administrative expenses of counsel, that would be distributed among creditors holding over $14 million in claims. The Notice of Removal was untimely as to the non-debtor Defendants. This case has been pending in state court for 2-1/2 years and would have gone to trial but for the filing of the removal notice by Parsons. It should go forward in that court. In any event, even were the Debtor to file an adversary proceeding for the issuance of an injunction, the court finds a total absence of those "unusual circumstances" required for the entry of such an extraordinary remedy.

An appropriate order will be entered.

cc:
Mitchell J. Rotbert, Esq., 7315 Wisconsin Avenue, #1250 West, Bethesda, MD 20814
John H. Harman, 8905 Fairview Road, #600, Silver Spring, MD 20910
United States Trustee, 6305 Ivy Lane, #600, Greenbelt  MD  20770
Clerk of the Circuit Court, Loretta E. Knight, Circuit Court for Montgomery County, 50 Maryland Avenue, Rockville, MD 20850

**End of Memorandum of Decision**